BAILEY *v.* JACKSON.

1. APPEAL AND ERROR—ON REVIEW, FINDING OF COURT TREATED AS SPECIAL VERDICT BY JURY.
   On review of a case tried by the court without a jury, a finding of fact by the court must be treated as would a special verdict of a jury, and, if there be evidence to support it, the judgment founded thereon will not be

[1]Appeal and Error, 4 C. J. § 2853.

reversed unless such finding is against the clear weight of the evidence (3 Comp. Laws 1915, § 12587).

2. ADVERSE POSSESSION—MUST BE HOSTILE.
Possession, to be adverse, must be hostile.

3. SAME—EVIDENCE INSUFFICIENT TO ESTABLISH ADVERSE POSSESSION—PAYMENT OF TAXES.
Where the supervisor of a township made such use of an uninclosed and uncleared strip of land adjoining his farm as is usual in such cases, but, at the same time, assessed it to the then holder of the record title and she paid the taxes so assessed, there was no adverse possession, since she would not be chargeable with notice that such occupancy as he had was intended by him to be hostile, and he must have known that she paid the taxes assessed by him in the belief that she was the undisputed owner.

4. SAME—WEIGHT OF EVIDENCE.
The finding of the trial court that adverse possession had not been established, *held*, not against the clear weight of the evidence.

Error to Muskegon; Vanderwerp (John), J. Submitted October 18, 1927. (Docket No. 80.) Decided January 3, 1928.

Ejectment by Homer O. Bailey and others against Morley Jackson. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Carpenter & Jackson,* for appellant.

*Cross, Foote & Sessions,* for appellees.

SHARPE, J. Plaintiffs bring ejectment to recover the possession of a strip of land lying along Lake Michigan, being the south 80 rods of lot 3 in section 27 in township 12 north, range 18 west, of which they have the record title. The defendant claims by adverse possession. The court, on trial without a jury, made findings supporting plaintiffs' claim and entered

²Adverse Possession, 2 C. J. § 206; 15 L. R. A. (N. S.) 1192; 1 R. C. L. 703; 1 R. C. L. Supp. 237; 4 R. C. L. Supp. 47; 5 R. C. L. Supp. 46; ³Id., 2 C. J. §§ 233, 621; ⁴Id., 2 C. J. § 621.

a judgment in their favor.    Defendant seeks review by writ of error.

Among the findings of fact is the following:

"The court is of the opinion and further finds that the defendant has not established ownership in this property by adverse possession for the length of time required by law."

This finding must be treated by us as would a special verdict of a jury, and, if there be evidence to support it, the judgment founded thereon will not be reversed unless such finding be against the clear weight of the evidence.    3 Comp. Laws 1915, § 12587; *Dows* v. *Schuh*, 206 Mich. 133.

The record discloses that the father of the defendant, whose possessory rights defendant claims to have acquired, owned the land adjoining this strip on the east for many years.    There was no fence separating it from his land, and there is proof that he made such use of it as was usual of uncleared land forming part of a farm, and claimed it as his own.    To rebut the effect of this evidence, the plaintiffs made proof that defendant's father was supervisor of the township in which the land lies in 1902, 1903, 1904, 1912, and 1916, and that he assessed the whole of lot 3 to the then holder of the record title thereto, and that she paid the taxes thereon.    Defendant meets this with proof tending to show that his father was not aware that lot 3 included the strip in dispute, and that, when he so learned, in 1918, he asked that the strip be assessed to him.

Possession, to be adverse, must be hostile.    The owner of this land would not be chargeable with notice that such occupancy as defendant's father had was intended by him to be hostile, when he assessed it to her for the five years stated.    He must have known that, when she paid the taxes pursuant to such assessment, she did so in the belief that she was the undis-

puted owner thereof.    *Croze* v. *Quincy Mining Co.,* 199 Mich. 515; *Seifferlein* v. *Foerster,* 218 Mich. 179.

After a careful reading of the record, we cannot say that the finding is against the clear weight of the evidence.

The judgment is affirmed.

FLANNIGAN, C. J., and FELLOWS, WIEST, CLARK, MCDONALD, and BIRD, JJ., concurred.

The late Justice SNOW took no part in this decision.