FENDT v. TARABUSI.

1. APPEAL AND ERROR—FINDINGS OF FACT SUPPORTED BY EVIDENCE CONCLUSIVE.

Findings of fact in the opinion of the trial judge, in a case tried before the court without a jury, which are supported by evidence and not against the great weight of the evidence, are conclusive.

2. VENDOR AND PURCHASER—SUMMARY PROCEEDINGS—PARTIES.

Where vendee's name was the only one written as vendee in a contract for the sale of a farm, and vendor had no notice that vendee's brother claimed any interest therein until after summary proceedings to recover possession had been instituted, the latter was not a necessary party thereto; he having no contract relations with vendor and no written evidence of interest.

Error to Oakland; Doty (Frank L.), J. Submitted January 11, 1929. (Docket No. 96, Calendar No. 34,090.) Decided March 29, 1929.

Summary proceedings by Louis G. Fendt and another against Anthony Tarabusi to recover possession of land sold on contract. There was judgment of restitution before the commissioner, and defendant appealed to the circuit. From judgment for plaintiffs, defendant brings error. Affirmed.

*Pelton & McGee,* for plaintiffs.

*Arthur E. Moore,* for defendant.

McDONALD, J. This is a summary proceeding to recover possession of a farm located in the county of Oakland, Michigan. To review a judgment in the circuit court in favor of the plaintiffs. the defendant has brought error.

The sole question involved is whether Ludovic

Tarabusi is a necessary party defendant. Ludovic is a brother of the defendant, Anthony. The claim is that he furnished a portion of the property that was used as a down payment and is entitled to a third of the vendee's interest in the contract. The question was tried out by the court without a jury. The judge filed an opinion in which he stated:

"That the plaintiff did not know anything about the interest or about his claiming any interest in the farm until after the suit was started, some time in February, and that if he had any interest in the contract, it should have been placed in it; and by his actions, he has waived any right to set up an interest at this time."

The defendant treated the opinion as a finding on the facts and duly excepted thereto.

There is evidence to support the findings. They are not against the great weight of the evidence, and therefore are conclusive. *Atlas* v. *Gunsberg Packing Co.*, 240 Mich. 141; *Bailey* v. *Jackson*, 241 Mich. 282.

The plaintiff sold the farm to Anthony Tarabusi, and his name alone was written in the contract. He claims to have had some understanding with Ludovic by which the latter was to have an interest in the contract for putting in certain property as a down payment, but this was unknown to the vendor. Ludovic did not go into possession, and made no claim to any interest until after the suit was instituted. He had no contract relations with the plaintiff and no written evidence of interest. He was not a necessary party.

The judgment of the circuit court is affirmed, with costs to the plaintiff.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.