FENDT *v.* TARABUSI.

APPEAL AND ERROR—LIABILITY FOR RENT ON SUPERSEDEAS BOND.
Where *supersedeas* bond given by defendant on appeal from judgment in circuit court for repossession of property followed the wording of the statute (3 Comp. Laws 1915, § 13737), and provided for payment of rent due as well as to become due if plaintiff obtained restitution of premises, in an action on the bond recovery is not limited to rental value of property from date of bond, but recovery may be had of rental value from date of circuit court commissioner's judgment.

Error to Oakland; Doty (Frank L.), J. Submitted January 21, 1930. (Docket No. 83, Calendar No. 34,769.) Decided March 7, 1930.

Assumpsit by Louis G. Fendt and another against Anthony Tarabusi and American Employers' Insurance Company, a foreign corporation, on a *supersedeas* bond. From a judgment for plaintiffs, defendants bring error. Affirmed.

*Pelton & McGee,* for plaintiffs.

*Arthur E. Moore,* for defendants.

BUTZEL, J. In the month of October, 1927, Louis G. Fendt and wife recovered a judgment before a circuit court commissioner for the repossession of certain property in Oakland county, Michigan. Anthony Tarabusi, the defendant therein, appealed to the circuit court of Oakland county, where the judgment was affirmed in April, 1928. Tarabusi, in order to appeal to this court, on May 16, 1928, executed a *supersedeas* bond running to Fendt and wife. Defendant American Employers' Insurance Company, a Massachusetts corporation, is surety on this bond. The judgment was again affirmed in 246 Mich. 538. Fendt and wife thereupon brought this suit against Tarabusi and the Insurance company to recover the rental value of the property for the entire period from the date of the circuit court commissioner's judgment up to the time that the case was finally affirmed in this court.

The case was tried without a jury, and the circuit judge found the rental value of the property, from the date of the circuit court commissioner's judgment up to the time the case was finally decided in this court, to be $1,273.40, and the costs to be $73.40. Defendants have appealed from this judgment, claiming that the amount found due was against the weight of the evidence, and, further, that the rental value should only have been computed from the date

of the bond given on the appeal from the circuit court to the date of the affirmance of the judgment in this court. There was sufficient testimony fully to justify the circuit judge in his determination of the rental value. The only question in the case is whether the bond given on the appeal from the judgment of the circuit court covers the rental value of the property from the date of the bond or from the date of the circuit court commissioner's judgment.

From the briefs in the case, and not from the record, it would appear that a bond had been given on appeal from the judgment of the circuit court commissioner. It is claimed that plaintiffs should recover on the first bond for the period from the date of the circuit court commissioner's judgment to that of the circuit court, and that they may only recover in this proceeding on the second bond, of May 16, 1928, for the period from the date of the judgment in the circuit court to that of the affirmance of said judgment in this court. 3 Comp. Laws 1915, § 13737, provides as follows:

"*  *  *  *Provided,* that where such judgment is rendered in an action to recover the possession of lands  *  *  *  if the writ of error be sued out by the defendant in said action, said bond shall  *  *  * contain a further condition, that if the plaintiff obtain restitution of said premises in said suit, the said defendant will forthwith pay all rent due or to become due, or the rental value thereof during the time the same has been detained by the defendant to the plaintiff for the premises described in the complaint, up to the time said plaintiff shall obtain possession thereof, together with the costs of suit, etc."

The bond sued upon in this case follows the wording of the statute and contains the following obligation:

"Now, the condition of this obligation is such that if the said Anthony Tarabusi shall, if the plaintiffs obtain restitution of said premises in this suit, forthwith pay all rent due or to become due to the plaintiffs for the rental value for the premises described in plaintiffs' said complaint during the time the same has been retained by the defendant and up to the time said plaintiff shall obtain possession thereof together with costs of suit in prosecuting said complaint and obtaining restitution of said premises and if a writ of error be issued in said cause said defendant shall prosecute such writ to effect and shall pay such rental value as aforesaid and costs of said suit as aforesaid if judgment shall be rendered against him thereon, then the above obligation to be void, otherwise to remain in full force and effect."

Both the statute and the bond provide for payment of rent due as well as to become due. Plaintiffs are not required to bring two suits to recover the rental value. The undertaking of the bond sued upon in this case is cumulative with the one given on appeal from the circuit court commissioner's judgment to the circuit court for the period up to the date of the judgment in the circuit court. Obviously the plaintiffs can not collect on both bonds. They have the right to recover for the entire term during which defendant Tarabusi detained possession of the property on the bond sued upon in this case. The language of the bond is plain. It follows the statute.

The judgment is affirmed, with costs to plaintiffs.

CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. WIEST, C. J., concurred in the result.