Alfred Becklin, appellant, was the original owner of the premises in question, located in Muskegon county and described as the
"South half of southwest quarter of southeast quarter, section 22, containing 20 acres more or less, town 9 north, range 16 west."
On July 21, 1931, Glenn M. Porter, trustee, received a tax deed from the auditor general, the land having been sold for nonpayment of the taxes for the year 1927. Notices of reconveyance were served on all persons entitled thereto by February 19, 1932. Subsequent to the issuance of the tax deed, appellants remained in possession of the premises for more than five years. During this period Becklin paid no rent. On one occasion sometime in the summer of 1936, he stated to Porter, the tax title purchaser, that, "He was going to get the money to settle this thing up by a Federal loan."
Petitioner obtained a decree in the trial court ordering the issuance of a writ of assistance to oust appellants from possession. Appellants claim Porter lost the right to possession by virtue of the operation of the provisions of 1 Comp. Laws 1929, § 3466, which provides in part:
"The right to recover possession of any land * * * by any person claiming through or under any deed executed by the auditor general * * * shall be forever barred by the actual, open and continuous possession of any person claiming such land adversely to such tax deed * * * for the period *Page 155 
of five years after the purchaser of such tax title, his heirs or assigns, is entitled to a deed thereof."
It is not challenged but what appellants were in actual, open and continuous possession of the premises in question for a period of more than five years from the date appellee was entitled to a tax deed. The only question is whether during this period appellants were claiming the land adversely to the holder of said deed so that the latter's right to possession was lost under the provisions of the quoted statute. This, we think, must be answered in the negative.
Mere peaceable possession alone is not sufficient to acquire a title by adverse possession. King v. Battle Creek Box Co.,235 Mich. 24. There must also be present the element of hostility. Seifferlein v. Foerster, 218 Mich. 179; Bailey v.Jackson, 241 Mich. 282; Grand Rapids v. Railway Co., 248 Mich. 686
. And so here the statute requires something more than open and continuous possession for the prescribed period. In addition, the land must be claimed adversely by the possessor. He must make a claim of ownership hostile to the rights of the one entitled to possession.
Although appellants remained in possession for more than five years, there is no testimony that any claim was made adverse to the rights of appellee for it appears that on at least one occasion Becklin told Porter that, "He was going to get the money to settle this thing up by a Federal loan." Rather than claiming adversely, as far as the record reveals, appellants recognized the superior right and title of Porter acquired by reason of the mentioned tax deed. The burden of proving all of the elements essential to the acquisition of a superior right to *Page 156 
possession rested upon defendants. They have not sustained this burden.
The case of Ripley v. Miller, 165 Mich. 47 (Ann. Cas. 1912C, 952), cited by appellants, is readily distinguishable from the instant case and no discussion thereof is deemed necessary.
Decree affirmed, with costs.
FEAD, C.J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.